# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYISHIE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 6989 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| COOK COUNTY, THOMAS J. DART, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Ryishie Bailey, a former inmate at Cook County Department of Corrections ("CCDOC"), brings this suit against Defendant Thomas J. Dart under 42 U.S.C. § 1983 alleging that Dart acted with deliberate indifference to Bailey's health and wellbeing in violation of his Fourteenth Amendment[1] rights arising from the conditions of his incarceration at CCDOC from April 9, 2012 through April 25, 2014. Bailey also brings a state law indemnification claim against Cook County pursuant to the Local Government and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/9-102. Defendants move to dismiss Bailey's First Amended Complaint ("FAC") on the basis that it is barred by the statute of limitations and because it is insufficiently pleaded with respect to Dart. The Court grants Defendants' motion to dismiss [24] because the applicable statute of limitations bars the FAC.

---

[1] Bailey styles his claim as both an Eighth Amendment claim and a Fourteenth Amendment claim, but it is properly analyzed as a Fourteenth Amendment claim alone. The Fourteenth Amendment is appropriate for claims brought on behalf of pre-trial detainees such as Bailey; however, the standard is essentially the same for Eighth and Fourteenth Amendment deliberate indifference claims. *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013); *see also Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005) (noting that there is little practical difference between the standards).

## BACKGROUND[2]

Bailey was a pre-trial detainee at CCDOC from April 9, 2012 through April 25, 2014, at which time the State transferred him to Sheridan Correctional Facility.

While detained at CCDOC, Bailey was exposed to excessive amounts of mold and mildew in areas of the facility, including the showers and empty cells. The presence of the mold and mildew went unaddressed by Dart throughout Bailey's detainment. As a result of his exposure to the mold and mildew, Bailey developed a variety of health issues, including difficulty breathing, wheezing, coughing, and migraine headaches. He continues to experiences these issues to this day.

While detained at CCDOC, Bailey, along with 40 other inmates, filed grievances regarding the conditions at the jail. Bailey never received a response to his grievances and CCDOC never remediated the mold and mildew during his time there. Bailey also notified CCDOC staff on several occasions of the mold and mildew.

Defendant Dart is the Sheriff of Cook County and the head of CCDOC. Dart has supervisory responsibility for CCDOC. During the relevant period, Dart took no actions to remedy the mold and mildew issue.

Bailey filed his original complaint in this case on July 5, 2016. He filed the FAC on November 23, 2016.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-

---

[2] The facts in the background section are taken from the FAC and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Statute of Limitations

Defendants argue that Bailey's claims are barred by the statute of limitations because he filed his initial complaint more than two years after his April 25, 2014 departure from CCDOC. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

Bailey's § 1983 claim is governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 Ill. Comp. Stat. 5/13–202. Additionally, federal courts borrow the state's tolling rules, including equitable tolling doctrines. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).

3

Under the relevant Illinois tolling statute, the statute of limitations is tolled when there is a statutory prohibition against filing the case. 735 Ill. Comp. Stat. 5/13–216. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner may not bring a case under § 1983 until he has exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *Johnson*, 272 F.3d at 521. Therefore, the statute of limitations is tolled while a prisoner pursues his administrative remedies. *Johnson*, 272 F.3d at 522. Further, although the statute of limitations is borrowed from state law, federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). And under federal law, § 1983 claims begin to accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). However, where a harm is ongoing, the claim accrues "from the date of the last incidence of that violation, not the first." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013); *see also Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (inmate's claim for ongoing deliberate indifference accrued when the inmate left the prison).

While held at CCDOC, Bailey filed a grievance, seeking remediation of the mold and mildew in the facility. Filing this grievance tolled the statute of limitations with respect to his deliberate indifference claim while the grievance was pending. *Johnson*, 272 F.3d at 522. However, Bailey never received a response to his grievance while he was at CCDOC. Pursuit of an administrative remedy only tolls the statute of limitations so long as the plaintiff is barred from bringing suit because he has not yet exhausted his administrative remedies. *Id*. But, even if a plaintiff does not receive a final response on his administrative complaint, his remedies are deemed exhausted when they become unavailable. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). When Bailey left CCDOC, the administrative remedies sought through his grievance

4

were no longer available to him, and the statute of limitations began to run. *See Merritte v. Lasalle Cnty. Sherriff's Office*, No. 14 C 7058, 2015 WL 8986857, at *7 (N.D. Ill. Dec. 16, 2015) (statute of limitations began to run on inmate's claims when he transferred to a different jail because the administrative remedies of his former jail were no longer available to him). Therefore, because the statute of limitations on Bailey's § 1983 claim began to run on April 25, 2014, the day he left CCDOC, and he did not file his original complaint until July 5, 2016, his complaint is untimely and the Court grants Defendants' motion to dismiss Bailey's § 1983 claim.

## II. State Law Indemnification Claim

Because the Court grants Defendants' motion to dismiss the § 1983 claim, there is no remaining need for indemnification. Therefore, the Court dismisses the state law indemnification claim as well.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss [24]. The Court dismisses the first amended complaint with prejudice and terminates the case.

Dated: September 21, 2017

_____
SARA L. ELLIS
United States District Judge